| | | |
|---|---|---|
| Latia McGrigg<br>3033 October Place<br>Waldorf, Maryland | * | |
| | * | |
| *Plaintiff* | * | IN THE |
| | * | CIRCUIT COURT |
| V. | | |
| | * | FOR |
| Wells Fargo, N.A.<br>f/k/a Wells Fargo Dealer Services | * | BALTIMORE CITY |
| 101 N Phillips Ave.<br>Sioux Falls, South Dakota 57104 | * | CASE NO. |
| | * | |
| **SERVE ON:**<br>CSC-Lawyers Incorporating Service<br>7 ST. Paul Street, Suite 1660<br>Baltimore, MD 21202 | *<br><br>* | |
| AND | * | |
| Vital Recovery Services, Inc.<br>Suite 200<br>3795 Data Drive<br>Norcross, Georgia 30092 | *<br><br>* | |
| | * | |
| **SERVE ON:**<br>Glenn Legal<br>3107 Saturday Court<br>Finksburg, MD 21048 | *<br><br>* | |
| *Defendants* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

# COMPLAINT
## AND
### PRAYER FOR JURY TRIAL

Plaintiff, Latia McGrigg, by and through her attorneys, Jane Santoni and Williams & Santoni, LLP, files this Complaint against Defendants, Wells Fargo National Association and Vital Recovery Services, Inc.

## INTRODUCTION

This is an action for declaratory relief and damages brought by Plaintiff, Latia McGrigg, a consumer, against Defendants Wells Fargo Bank, National Association formerly known as Wells Fargo Dealer Services (hereinafter "Wells Fargo") and Vital Recovery Services, Inc. (hereinafter "Vital Recovery") for violations of Maryland's Credit Grantor Closed End Credit Grantor Provisions (MD. CODE ANN., COM. LAW § 12-1001 *et seq.*); Maryland's Consumer Debt Collection Statute (MD. CODE ANN., COM. LAW § 14-201 *et seq.*); Maryland's Consumer Protection Act (MD. CODE ANN., COM. LAW § 13-301 *et seq.*).

## JURISDICTION

1. This Court has jurisdiction pursuant to MD. CODE ANN., CTS. & JUD. PROC. §§ 6-102(a) and 6-103. Defendant may be served with process in this State and Defendants regularly transact business in the State.

2. Venue is proper pursuant to MD. CODE ANN., CTS. & JUD. PROC. §§ 6-201 (a) & (b). Defendants carry on regular business in Baltimore City.

## PARTIES

3. Plaintiff Latia McGrigg is a natural person residing in Waldorf, Maryland.

4. Defendant Wells Fargo, is a national bank, registered in Maryland with its principal office in Sioux Falls, South Dakota, that regularly extends credit for the purchase of consumer goods and regularly collects debts arising out of consumer transactions and is therefore

both a "credit grantor" as defined by MD. CODE ANN., COM. LAW § 12-1001(g)(1) and a "collector" as defined by MD. CODE ANN., COM. LAW § 14-201.

5. Vital Recovery is a debt collection agency incorporated in the State of Maryland, licensed to collect debts in the state of Maryland, that regularly engages in the collection of debts arising out of consumer transactions, and regularly attempts to collect debts owed or due to another arising out of consumer transactions and is therefore is a "collector" as defined by MD. CODE ANN., COM. LAW § 14-201.

## FACTUAL ALLEGATIONS

6. On September 11, 2010 McGrigg helped her then boyfriend, Jamal Williams purchase a 2009 Nissan Altima, VIN #█████████1337 from Eastern's Automotive in Temple Hills, Maryland by cosigning on a car loan. See "Retail Installment Sale Contract" attached as Exhibit A.

7. Although Ms. McGrigg cosigned on the credit application for the car, the understanding between Williams and McGrigg was that this would be Williams' car and he was responsible for maintaining insurance on the vehicle and making the monthly car payments.

8. Mr. Williams paid a down payment of $500.00 for the vehicle and financed $18,070.00, with an annual percentage rate of 11.99%, making his monthly payments $356.95. Payments were to begin on October 26, 2010. *Id.*

9. The parties elected to have Maryland's Credit Grantor Closed End Credit Provisions (Md. Code Ann., Com. Law § 12-1001 *et seq*) apply to this transaction in the "Applicable Law" section of the RISC. *Id.*

10. Mr. Williams did not keep up with payments on the vehicle and it was repossessed on December 17, 2010 from 3040 October Place, Waldorf, Maryland.

3

11. Ms. McGrigg received "Notice of Our Plan to Sell Property" from Wells Fargo on December 30, 2010 and the notice provided that the vehicle would be sold at a private sale on January 13, 2011 in Bel Air, Maryland. See "Notice of Our Plan to Sell Property" attached as **Exhibit B.**

12. Wells Fargo sent McGrigg a "Notice of Sale of Repossessed Property and Explanation of the Calculation of Surplus or Deficiency" dated January 23, 2011. The notice stated that the vehicle was actually sold on January 20, 2011 and did not disclose the location of the sale, the number of bids sought and received, or the purchaser's name, address, and business address. See "Notice of Sale of Repossessed Property and Explanation of the Calculation of Surplus or Deficiency" attached as **Exhibit C.** Failure to provide this information bars the creditor from seeking a deficiency under the Maryland's Credit Grantor Closed End Credit Provisions (Md. Code Ann., Com. Law § 12-1001 *et seq*) statutes.

13. Despite this, in this post-sale notice McGrigg was assessed $779.96 in collection fees; $97.00 in agent fees; $673.14 in repair fees; $435.00 in transportation fees and $85.00 in title and registration fees. These fees plus the unpaid balance of the loan after deducting the proceeds of the sale equaled $8,615.00, the total alleged deficiency assessed by Wells Fargo. *Id.*

14. This post sale notice also contained the following provision that provided for future potential liability should the purchaser make a claim against Wells Fargo, "the purchaser of the collateral may discover damage not evident at the time of sale and may require us to arbitrate the dispute resulting in an increase in the amount you owe us." *Id.*

15. The last payment made on this alleged deficiency was in the amount of $177.50 by money order from Jamel Williams to Wells Fargo Dealer Services on February 13, 2011. Please see receipt attached as **Exhibit D.**

16. Wells Fargo has classified this debt as charged-off. Please see accounting statement attached as **Exhibit E**.

17. Wells Fargo Dealer Services merged with Wells Fargo Bank N.A. on June 30, 2011.

18. From April 2011 until present, Ms. McGrigg has received debt collection notices from at least four different different debt collection agencies attempting to collect the alleged deficiency on Wells Fargo's behalf which included post charge-off interest at the contractual rate.

19. On October 10, 2012, February 11, 2013, June 13, 2013 and October 14, 2013, Vital Recovery Services sent four separate communications to Ms. McGrigg attempting to collect three different amounts owing, $9332.22; $9574.19; and $8076.92 respectively. In these notices there was no indication of how or why these amounts varied from one statement to the next and the statements acknowledged the last payment on the account was made on February 18, 2011. See Debt Collection Notices from Vital Recovery Services attached as **Exhibit F**.

20. In 2013, McGrigg began receiving collection notices from the Maryland Motor Vehicle Administration concerning the subject vehicle and was assessed a fine for $4,833.00 for a lapse in insurance coverage on the repossessed vehicle from November of 2010 until September 30, 2012. This debt was then entrusted to the Maryland Central Collection Unit who brought suit against McGrigg and Williams in the District Court for Charles County on September 3, 2013. See CCU Complaint attached as **Exhibit G**.

21. Although the vehicle was supposedly sold at auction on January 20, 2011, and McGrigg was assessed $85.00 in title and registration fees in the post sale notice sent by Wells

Fargo, the MVA records indicated that the title for the vehicle was still in Ms. McGrigg and Mr. Williams's name jointly until Septembers 30, 2012. *Id.*

22. At this time, McGrigg no longer possessed the post sale notice she was sent by Wells Fargo and had no other documentation proving that the vehicle had been repossessed a year and a half prior to the title expiring and this MVA fee being assessed. In an attempt to get the necessary documentation she called Wells Fargo who refused to provide her with an accounting because the account had been placed with collections.

23. McGrigg then contacted Vital Recovery Services who also refused to provide her with an accounting or any documentation until she paid on the deficiency telling her that she needed to make a payment before they could release any information on the debt to her.

24. Following these exchanges, in October 2013, Ms. McGrigg sought legal assistance in order to compel either Wells Fargo or Vital Recovery to turn over the documentation she needed to defend herself in court.

25. After retaining counsel, Ms. McGrigg was finally able to obtain the necessary documents from Wells Fargo via subpoena, presented it to the Maryland Central Collections Unit ("CCU"), and as a direct result, the amount CCU claimed Ms. McGrigg owed was lowered by over 90% and the case was subsequently dismissed in February of 2014.

26. In the process of attempting to collect the uninsured vehicle fine CCU intercepted Ms. McGrigg's tax return for almost twice as much as what was actually due and owing. Ms. McGrigg is still waiting for the government to return these wrongfully intercepted funds.

27. Vital Recovery has stopped contacting Ms. McGrigg in an attempt to collect the deficiency allegedly owed but continues to call her mother every evening at around 8 o'clock in

6

an attempt to collect this debt with knowledge that Ms. McGrigg does not live there anymore and that collection activities are currently barred by the statute of limitations.

### COUNT I – VIOLATIONS OF MARYLAND'S CREDIT GRANTOR CLOSED END CREDIT GRANTOR PROVISIONS
### (AS TO DEFENDANT WELLS FARGO)

28. Plaintiff incorporates all prior paragraphs.

29. Defendant Wells Fargo violated MD. CODE ANN., COM. LAW § 12-1001 *et seq*. Defendant's violations of these provisions include, but are not limited to, the following:

   a. Defendant violated § 12-1021(j)(2)(vii) by failing to include in the post private sale accounting the purchaser's name, address, and business address;

   b. Defendant violated § 12-1021(j)(2)(viii) by failing to include in the post private sale accounting the number of bids sought and received;

   c. Defendant violated 12-1021(j)(1)(iii) by failing to conduct the sale in a commercially reasonable manner.

30. Pursuant to MD. CODE ANN., COM. LAW § 12-1021(k)(4) if the credit grantor fails to follow the above mentioned provisions, the credit grantor shall not be entitled to any deficiency judgment to which he would be entitled under the loan agreement.

31. Despite this Defendant has continued to attempt to collect the debt.

32. This Act may have been violated in other ways.

WHEREFORE Plaintiff demands a declaratory judgment from the court stating that Defendant, Wells Fargo, is not entitled to collect the deficiency from the Plaintiff.

### COUNT II – VIOLATIONS OF MARYLAND'S CONSUMER DEBT COLLECTION ACT
### (AS TO DEFENDANT WELLS FARGO)

33. Plaintiff incorporates all prior paragraphs.

34. Defendant Wells Fargo violated MD. CODE ANN., COM. LAW § 14-202(8) by:

   a. Attempting to collect a deficiency without the right to do so under CLEC;

   b. Claiming a right to title and registration fees as a part of the reasonable costs of sale without actually removing the Plaintiff from the car's title; and

   c. Claiming a right to additional post sale expenses related to disputes between Wells Fargo and the purchaser of the car that are unauthorized by law or contract.

35. This Act may have been violated in other ways.

36. These were knowing violations.

37. As a result of these violations the Plaintiff suffered damages, including economic damages, stress, embarrassment and humiliation.

WHEREFORE Plaintiff demands judgment against Defendant of $74,000, plus court costs and attorney fees.

### COUNT III VIOLATION OF MARYLAND'S CONSUMER PROTECTION ACT
### (AS TO DEFENDANT WELLS FARGO)

38. Plaintiff incorporates all prior paragraphs.

39. Maryland's Consumer Protection Act states a violation of the Consumer Debt Collection Act is also a violation of the Consumer Protection Act. MD. CODE ANN., COM. LAW § 13-301(14)(iii).

40. Defendant Wells Fargo, as set forth above, (including, but not limited to, subjecting the Plaintiff to suit by the Maryland Central Collection Unit for mistakenly assessed

8

MVA fees) violated this provision and as a direct result Plaintiff suffered damages, including economic damages, stress, embarrassment and humiliation.

41. In addition, Wells Fargo violated other parts of the Consumer Protection Act, including but not limited to, the following:

  a. Wells Fargo violated § 13-301(1) by making a false statement that the Plaintiff was not entitled to obtain a copy of an accounting even though Plaintiff was entitled to an accounting as a matter of law.

  b. Defendant violated § 13-301(3) by failing to tell Plaintiff that she did not have to make a payment on the deficiency in order to obtain such an accounting in an attempt to deceive Plaintiff into reviving the statue of limitations on the debt.

42. This Act may have been violated in other ways.

43. As a result of these violations the Plaintiff suffered damages, including economic damages, stress, embarrassment and humiliation.

WHEREFORE Plaintiff demands judgment against Defendant of $74,000, plus court costs and attorney fees.

### COUNT IV: VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### (AS TO DEFENDANT VITAL RECOVERY)

44. Plaintiff incorporates all prior paragraphs.

45. Defendant Vital Recovery violation MD. CODE ANN., COM. LAW § 14-202(8) by:

  a. Attempting to collect post charge off interest at the contractual rate of 11.99 percent;

  b. Attempting to collect a debt which it had no legal right to collect due to the CLEC violation as set forth in Count I;

  c. Claiming a right to withhold accounting information about the Plaintiff's account until she paid on the deficiency with knowledge as to the falsity of this claim; and

  d. Attempting to collect a time-barred debt from the Plaintiff's mother with knowledge that the Plaintiff no longer lived there and that the debt was barred by the statue of limitations.

46. As a result of these violations the Plaintiff suffered damages, including stress, embarrassment and humiliation.

47. This Act may have been violated in other ways.

48. These violations were knowing.

WHEREFORE Plaintiff demands judgment against Defendant of $74,000 plus court costs and attorney fees.

### COUNT V: VIOLATION OF MARYLAND'S CONSUMER PROTECTION ACT
### (AS TO DEFENDANT VITAL RECOVERY)

49. Plaintiff incorporates all prior paragraphs.

50. Maryland's Consumer Protection Act states a violation of the Consumer Debt Collection Act is also a violation of the Consumer Protection Act. MD. CODE ANN., COM. LAW § 13-301(14)(iii).

51. Defendant Vital Recovery, as set forth above, (including, but not limited to, withholding from the Plaintiff her accounting statements to which she was legally entitled)

violated this provision and as a direct result Plaintiff suffered damages, including stress, embarrassment and humiliation.

52. In addition, Vital Recovery violated other parts of the Consumer Protection Act, including but not limited to, the following:

   a. Vital Recovery violated § 13-301(1) and § 13-303(4) by making a false statement that the Plaintiff was not entitled to obtain a copy of an accounting without paying on the deficiency even though Plaintiff was entitled to an accounting as a matter of law. This statement was intended to deceive the Plaintiff into reviving the statute of limitations on this debt.

   b. Vital Recovery violated § 13-301(3) and § 13-303(4) by failing to tell Plaintiff that she did not have to make a payment on the deficiency in order to obtain such an accounting in an attempt to deceive Plaintiff into reviving the statue of limitations on the debt.

   c. Vital Recovery violated § 13-301(3) and § 13-303(4) by failing to tell Plaintiff that she did not have to make a payment on the deficiency in order to obtain such an accounting in an attempt to deceive Plaintiff into reviving the statue of limitations on the debt.

   d. Vital Recovery violated § 13-301(3) and § 13-303(4) by representing to Plaintiff that she owed a debt, when under CLEC, as set forth in Count I, no deficiency was owed.

   e. The Consumer Protection Act may have been violated in other ways.

53. As a result of these violations the Plaintiff suffered damages, including stress, embarrassment and humiliation.

54. This Act may have been violated in other ways.

WHEREFORE Plaintiff demands judgment against Defendant of $74,000 plus court costs and attorney fees.

/s/ Jane Santoni
Jane Santoni
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
(410) 938-8668 (fax)
*Attorney for Plaintiff*